UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOE ALEXANDER

    Plaintiff,

v.   Case No. 3:19-cv-00688-JAG

DIET MADISON AVENUE, *et al.*,

    Defendants.

**[PROPOSED] ORDER**
**(Partially Sealing Complaint)**

This matter is before the Court on the motion by non-parties The Interpublic Group of Companies, Inc. and The Martin Agency (collectively, "Proposed Intervenors") for leave to intervene for the limited purpose of seeking the entry of an order partially sealing the Complaint (Dk. No. 1), and a protective order requiring that future filings be filed under seal or partially under seal to the extent they include information identifying Plaintiff's accuser(s). Upon consideration of the pleadings, the Court hereby **FINDS** as follows:

    1.    The public has a presumptive right of access to judicial records, including Plaintiff's Complaint. The public's right of access is not absolute and may outweighed by competing interests. Before a district court may seal a judicial record, however, it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing the documents; and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. *See Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (citations omitted).

2. Preliminarily, Proposed Intervenors' sealing motion was publicly docketed in accordance with Local Civil Rule 5. The parties, as well as the public, have received notice of the request to seal and have had reasonable opportunity to object. *See Id*.

3. When presented with a sealing request, the Fourth Circuit's right-of-access jurisprudence requires that the district court first determine the source of the public's right of access with respect to document to be sealed, because only then can the district court accurately weigh the competing interests at stake. *Co. Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014). The public's right of access to judicial records arises from two sources: the common law and the First Amendment. "The distinction between the rights of access afforded by the common law and the First Amendment is significant because the common law does not afford as much substantive protection to the interests of the press and the public as does the First Amendment. Consequently, the common law does not provide as much access to the press and public as does the First Amendment." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (internal quotations and sources omitted). The common law presumes a right of public access to inspect and copy all judicial records and documents, "but this presumption can be rebutted if the public's right of access is outweighed by competing interests." *In re Application of the United States for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir.1984)). By contrast, "the First Amendment provides a right of access only to *particular* judicial records and documents, and this right yields only in the existence of a 'compelling governmental interest that is narrowly tailored to serve that interest.'" *Id.* (emphasis in original and quoting *Virginia Dep't of State Police*, 386 F.3d at 575).

4. Here, the public's interest in the portions of the Complaint that identify one of Plaintiff's accusers (the "Accuser") and comment on her body and manner of dress (*see* Dk. No. 1 ¶¶ 36 n.18 and 52) is outweighed by competing interests regardless of whether the public has a common law or First Amendment right of access. The Accuser's identity is not material to Plaintiff's claims against the Defendants, and the comments about her body and manner of dress are unnecessary and gratuitous. Accordingly, the public's interest in the information sought to be sealed is minimal.

5. By contrast, Proposed Intervenors have a compelling interest in sealing these allegations. In connection with Plaintiff's termination from Martin, he executed a separation agreement in which he agreed not to retaliate against the Accuser or publicly disclose her identity. Plaintiff's identification of Accuser and his demeaning allegations about her in the Complaint is precisely the type of retaliation Proposed Intervenors appropriately sought to prohibit with the confidentiality and non-retaliation provisions of the separation agreement. Proposed Intervenors' interest in enforcing Plaintiff's contractual confidentiality and non-retaliation obligations is sufficient to warrant sealing. *See, e.g., Lifenet Health v. Lifecell Corp.*, No. 2:13 Civ. 486, 2015 WL 12517430, at *4 (E.D. Va. Feb. 12, 2015) (non-disclosure agreements aimed at protecting third-party information warranted the sealing of that information); *see also Thomas v. Delmarva Power & Light Co.*, No. 15 Civ. 433, 2016 WL 9685173, at *3 (D. Md. Dec. 12, 2016) (redacting from summary judgment filings in employment case "all information regarding the identity of the alleged comparators and witnesses"); *Spence v. ITC Deltacom Cmmc'ns, Inc.*, No. 5:07 Civ. 000015, 2007 WL 9718658, at *2 (E.D.N.C. July 30, 2007) (sealing of allegations in complaint was appropriate where information concerned matters that arose out of settlement agreement between plaintiff and her employer); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307

F.3d 1206, 1212 (9th Cir. 2002) (noting that courts consistently grant protective orders to protect confidential settlement agreements); *Bank of Am., N.A. v. Hensley Properties, L.P.*, No. 07 Civ. 1584, 2008 WL 2724875, at *4-5 (E.D. Cal. July 11, 2008) (granting motion to seal settlement agreement with third-party).

6. Moreover, Proposed Intervenors' institutional interest in protecting the privacy rights of employees aligns with the larger societal interest in ensuring that inappropriate workplace behavior, including sexual harassment, is reported. *See Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 580-81 (E.D. Va. 2009) ("the individual constitutional right to privacy" is among "the most clearly articulated examples of such an overriding non-governmental interest in the First Amendment context") (*citing Press-Enter. Co. v. Sup. Ct. of Cal. For Riverside Cnty.*, 478 U.S. 1, 9 n.2 (1986) (privacy interests of "victims of sex crimes ... may justify closing certain aspects of a criminal proceeding")); *see also Doe v. Public Citizen*, 749 F.3d 246, 269 (4th Cir. 2014) (citing *Press-Enter. Co.*); *Corl v. Burlington Coat Factory of N. Carolina, LLC*, No. 10 Civ. 406, 2011 WL 2607942, at *3 (M.D.N.C. June 30, 2011) ("The court concludes that the interest in protecting the personal privacy of Defendant's employees represents a compelling interest sufficient to overcome both the common law and First Amendment right of access . . . .").

7. Allowing Plaintiff to flout his contractual obligations and the Accuser's privacy interests in the manner in which he has done in his Complaint would cause an undesirable chilling effect on others who might otherwise be willing to report inappropriate workplace conduct.

8. Furthermore, there are no reasonable alternatives to the sealing that is requested, and the Intervenors seek to seal and to redact from the public record only information designated as confidential. The Intervenors have filed publicly a redacted version of the Complaint, and has

redacted only those limited portions it seeks to seal. This selective and narrow protection of confidential material constitutes the least drastic method of shielding the information at issue. *See Adams v. Object Innovation, Inc.*, No. 3:11-cv-272-REP/DWD, 2011 WL 7042224, at *4 (E.D. Va. Dec. 5, 2011), report and recommendation adopted, No. 3:11-cv-272, 2012 WL 135428 (E.D. Va. Jan. 17, 2012) (plaintiff's "proposal to redact only the proprietary and confidential information, rather than seal the entirety of his declaration, constitutes the least drastic method of shielding the information at issue. Stated another way, the proposal seals the confidential information and nothing more.").

Therefore, based on the findings above, for good cause shown, it is hereby ORDERED that Proposed Intervenors' motion to seal is GRANTED as follows:

1. Plaintiff's Complaint [Dk. No. 1] shall be **SEALED** until further order of the Court; and

2. the Clerk shall file the redacted Complaint in the version attached as Exhibit A to the Declaration of Maura J. Wogan, dated October 8, 2019, filed in support of the Proposed Intervenors' motion

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date:
Richmond, VA

_____
John A. Gibney, Jr.
United States District Judge