UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOE ALEXANDER

        Plaintiff,

v.                                          Case No. 3:19-cv-00688-JAG

DIET MADISON AVENUE, *et al.*,

        Defendants.

### DECLARATION OF MAURA J. WOGAN IN SUPPORT OF PROPOSED INTERVENORS' MOTION FOR LEAVE TO INTERVENE AND TO SEAL CONFIDENTIAL INFORMATION

I, Maura Wogan, declare under penalty of perjury that the following is true and correct:

1. I am a shareholder of the firm Frankfurt Kurnit Klein & Selz P.C., attorneys for Proposed Intervenors, The Interpublic Group of Companies, Inc. ("IPG") and The Martin Agency ("Martin" and, with IPG, the "Proposed Intervenors"). I submit this declaration in support of the Proposed Intervenors' Motion, pursuant to Local Civil Rules 5 and 7, submit this memorandum in support of their motion for leave to intervene for the limited purpose of seeking the entry of an order sealing portions of the Complaint filed in this action, and a protective order requiring that further filings also redact information that would expose the identity or identities of Plaintiff Joe Alexander's ("Plaintiff") accuser(s).

2. Attached hereto as Exhibit A is the Proposed Intervenors' proposed redacted complaint (the "Proposed Complaint").

3. Attached hereto as Exhibit B is a true and correct copy of the article published by Advertising Age on September 20, 2019 regarding this action (the "AdAge Article").

4. The Proposed Intervenors were informed of this action only when they were contacted by AdAge for comment before the publication of the AdAge Article. Upon receiving

this news, the Proposed Intervenors immediately acted to preserve the Accuser's privacy. The Proposed Intervenors not only successfully convinced AdAge not to identify the Accuser by name in the article, but, upon its publication, immediately secured AdAge's agreement to redact the copy of the Complaint embedded therein to remove any information that could identify Plaintiff's accuser (the "Accuser").

5. Attached hereto as Exhibit C is a true and correct copy of the Separation Agreement between Martin and Plaintiff, signed by Plaintiff on December 12, 2017 (the "Agreement").

6. Prior to filing this motion, counsel for the Proposed Intervenors reached out to Plaintiff's counsel to remind Plaintiff and his counsel of their obligations under the Agreement, and to request that the Complaint be withdrawn and replaced by a version that redacted this identifying information. In response, counsel repeated his intention to file an action against the Proposed Intervenors, but, citing a coming trial that was about to begin, claimed to be unable to provide any response to the request for redaction. As of the date of filing, counsel has not responded to this request.

7. The Proposed Intervenors also consulted with counsel for the Accuser, seeking her consent for the filing of this motion. The Accuser has permitted the Proposed Intervenors to proceed on her behalf.

8. Attached hereto as Exhibit D is a true and correct copy of IPG's SP&P 400 Anti-Harassment Policy.

9. Attached hereto as Exhibit E are true and correct copies of Dk. Nos. 78 and 79 in the action titled *Perrott v. The Interpublic Group of Cos.*, 3:18-cv-00737-REP (the "*Perrott* Action").

Dated: New York, New York
October 8, 2019

_____
MAURA J. WOGAN