# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JEREMY G. PERROTT,

    Plaintiff,

v.                                Civil Action No. 3:18cv737

THE INTERPUBLIC GROUP
OF COMPANIES, INC.,
et al.,

    Defendants.

**MEMORANDUM ORDER**

Having considered the DEFENDANTS' MOTION FOR ENTRY OF A PROTECTIVE ORDER (ECF No. 58), the supporting, opposing and reply memoranda, and having considered the proposed PROTECTIVE ORDER PERTAINING TO IDENTIFYING INFORMATION AND CONFIDENTIAL/PROPRIETARY DOCUMENTS AND INFORMATION (ECF No. 59-2) ("Proposed Protective Order"), the Court notes that neither party has identified specific paragraphs of the Proposed Protective Order as to which they disagree, thereby making it difficult for the Court to analyze their arguments.

The Court finds that the Proposed Protective Order (which is modeled after similar orders that have been approved previously in other cases) provides a procedure by which any party can bring to the Court a challenge to any designation of any level of

confidentiality made by the other party. And, the terms of the Proposed Protective Order are reasonable.

In this case, as in most cases, problems arise, not so much in the terms of the protective order, but in the decisions made by the parties and counsel in designating documents as confidential. And, the Court has discerned that all too often counsel are too casual in making designations and too lax in opposing improper designations. Also (and again too often), counsel designate entire documents as confidential when, in fact, limited redaction of specific text will suffice. Counsel are ADMONISHED that, if the Court should find in this case, that those practices are occurring, sanctions, including elimination of all protection, could be imposed.

Because counsel have not identified specific provisions of the Proposed Protective Order as to which the parties disagree, the Court has reviewed the Proposed Protective Order—as it has been briefed—with reference by two categories of information: (1) so-called "confidential information;" and (2) the names of the so-called "accusers." Having done so, the Court finds that the Proposed Protective Order, as presented, adequately provides for controlled disclosure of both "confidential information" and the "accusers names" so long as that information is made available to counsel for the plaintiff and plaintiff, and counsel for the

defendants represent that both categories of information will be thusly available.

Accordingly, it is hereby ORDERED that the Proposed Protective Order (ECF No. 59-2) will be entered, as tendered (with the exception to paragraph 19), and that the parties and counsel are bound by its terms.

The Court further finds that, in the future, it might be appropriate to remove both categories of information, in whole or in part, from the protection of the Proposed Protective Order. That, however, will have to be accomplished by the procedures established by the Proposed Protective Order.

Finally, it is ORDERED that paragraph 19 of the Proposed Protective Order shall be amended to add the phrase, "but excluding documents in the files of the Court" after the phrase "Upon final conclusion of this litigation" which the Court will interlineate.

To the foregoing extent and with the foregoing understandings, the DEFENDANTS' MOTION FOR ENTRY OF A PROTECTIVE ORDER (ECF No. 58) is granted.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 3, 2019

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JEREMY G. PERROTT,

    Plaintiff,

v.                                      Civil Action No. 3:18cv737

THE INTERPUBLIC GROUP
OF COMPANIES, INC.
et al.,

    Defendants.

**PROTECTIVE ORDER PERTAINING TO IDENTIFYING INFORMATION AND CONFIDENTIAL/PROPRIETARY DOCUMENTS AND INFORMATION**

    Pursuant to Fed. R. Civ. P. 26(c), and good cause appearing that certain information sought in discovery and for preparation of the trial of this action will involve confidential identifying information and confidential or proprietary business information requiring protection,

    IT IS HEREBY ORDERED:

    1.   Any party to this litigation and any third-party shall have the right to designate as "Confidential Identifying Information" and subject to this Order any information, document, or thing, or portion of any document or thing, without regard to whether the material has been designated confidential generally, that identifies an individual, whether by name, title or otherwise, as among those who spoke to Defendants, on a confidential basis,

as part of the investigation identified in Paragraph 42 of the Complaint filed in this action as Dkt No. 1, dated October 26, 2018 (the "Complaint"), any other investigation concerning Plaintiff or who otherwise spoke to Defendants, on a confidential basis, about the alleged misbehavior by Plaintiff that underlies this action (the "Protected Individuals"). The term "Confidential Identifying Information" includes but is not limited to any information, document, or thing, or portion of any document or thing, identifying any of the Protected Individuals. For the avoidance of doubt, "information" as used herein specifically includes any information provided in Defendants' Initial Disclosures or in any interrogatory response.

2. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets or competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) that the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, including, but not limited to, information concerning proprietary research and development; business and marketing

strategy; regulatory compliance and communication; financial results and projections; underwriting guidelines; historical claims information; pricing calculations; actuarial memoranda; employee records; personnel files; salary information; bonus calculations; company policies, procedure and handbooks; or similar documentation which is designated as "confidential" by the producing party, whether it be a document, information contained in a document, information revealed during a deposition, information revealed during discovery, etc. Any party to this litigation or any third party covered by this Order who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter "Confidential").

3. Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order who produces or discloses any Attorneys' Eyes Only material, including

3

without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" (hereinafter "Attorneys' Eyes Only").

4. All Confidential Identifying Information, Confidential material, and Attorneys' Eyes Only material, shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those individuals set forth in Paragraphs 5 and 6, respectively, unless and until the restrictions herein are removed either by written agreement of counsel for the parties or by order of the Court. However, it is understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential Identifying Information, Confidential material, or Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Confidential Identifying Information, Confidential material, or Attorneys' Eyes Only material except by prior written agreement of counsel for the parties or by order of the Court.

5. Confidential material and Confidential Identifying Information may be disclosed only to the following individuals under the following conditions:

    a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

    b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

    c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    d. The Court and court personnel;

    e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

    f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court

reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

g.  In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit and employees who are witnesses or potential witnesses in the matter.

6.  Attorneys' Eyes Only material may be disclosed only to the following individuals under the following conditions:

a.  Outside counsel (herein defined as any attorney at the parties' outside law firms);

b.  Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c.  Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d.  The Court and court personnel;

6

  e. Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure; and

  f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials.

7. Confidential Identifying Information, Confidential material, and Attorneys' Eyes Only material shall be used only by individuals permitted access to such material under Paragraphs 5 and 6, respectively. Confidential Identifying Information, Confidential material, and Attorneys' Eyes Only material, copies thereof, and the information contained therein, shall not be

disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

8. With respect to any depositions that involve a disclosure of Confidential Identifying Information, Confidential, Attorneys' Eyes Only material of a party to this action, such party shall have until fourteen (14) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential Identifying Information, Confidential, or Attorneys' Eyes Only, which period may be extended by agreement of the parties. During this period, no such deposition transcript shall be disclosed, and no individual attending such a deposition shall disclose the contents of the deposition, to any individual other than the individuals described in Paragraph 5(a), (b), (c), (d), (e) and (1) (as to Confidential Identifying Information and Confidential material) and in Paragraph 6 (as to Attorneys' Eyes Only material). Upon being informed that certain portions of a deposition are to be designated as Confidential Identifying Information, Confidential, or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 4-6.

9. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

    a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential Identifying Information, Confidential, or Attorneys' Eyes Only.

    If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute;

    b. If a dispute as to a Confidential Identifying Information, Confidential, or Attorneys' Eyes Only

9

designation of a document or item of information cannot be resolved by agreement, the party objecting to the designation may apply to the Court, by Motion, for a ruling that the document shall not be designated as Confidential Identifying Information, Confidential, or Attorneys' Eyes Only. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute; and

c.  The party designating the material as Confidential Identifying Information, Confidential, or Attorneys' Eyes Only shall have the burden of demonstrating the need for such designation;

10. A party seeking to file under seal any documents and/or things designated Confidential Identifying Information, Confidential, or Attorneys' Eyes Only shall file a motion pursuant to Local Civil Rule 5. Prior to any attempt by a party to file any document or part of a document under seal, the party seeking to file the document under seal will request that the producing party redact as much information as possible to avoid the need to file under seal.

11. If the need arises during trial or at any hearing before the Court for a party to disclose Confidential Identifying Information or Confidential or Attorneys' Eyes Only information,

10

it may do so only after giving notice to the producing party and as directed by the Court. Nothing herein constitutes a ruling that any information will be sealed or that an in camera presentation will be permitted.

12. If, at any time, any person, other than the party who originally produced Confidential Identifying Information or Confidential or Attorneys' Eyes Only information receives a subpoena or other compulsory process by any court, administrative agency, legislative body, or other person or entity commanding production of such materials, the person to whom the subpoena or request is directed shall, except where prohibited by law, reasonably provide written notice to the party who produced such materials. The party who produced such materials then shall have the burden of defending against or objecting to such request. The person to whom the subpoena or request is directed shall not take any position concerning the propriety of such subpoena or request, or the discoverability of the information sought thereby. Unless otherwise ordered by a Court or required by a government subpoena, the person to whom the subpoena or request is directed shall comply with the request only if the party who produced the materials does not timely seek, or is unsuccessful in seeking, an order modifying or quashing the request.

13. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential

Identifying Information or Confidential or Attorneys' Eyes Only material that should have been but was not designated as such at the time it was disclosed shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying counsel for all parties to whom the material was disclosed, in writing and within a reasonable time after disclosure that the material should have been designated Confidential Identifying Information, Confidential, or Attorneys' Eyes Only. Such notice shall constitute a valid designation of the information, document or thing as Confidential Identifying Information, Confidential, or Attorneys' Eyes Only under this Protective Order. Provided, however, Confidential Identifying Information shall be treated in accordance with this Order without regard to any designation or claim of protection at the time of production.

14. If the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. Such

inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege, if appropriate, within a reasonable time after receiving notice of the inadvertent or mistaken disclosure by filing an appropriate application with the Court.

15. No information that is in the public domain or that is already known by the receiving party through proper means, or that is or becomes available to a party from a source other than the party asserting confidentiality that is rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential or Attorneys' Eyes Only material under this Protective Order.

16. No person, firm, corporation, or other entity subject to this Order shall give, show, disclose, make available, or communicate Confidential Identifying Information to any person, firm, corporation, or other entity not expressly authorized by this Order to receive such Confidential Identifying Information.

17. This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Protective Order is being entered without


Case 3:18-cv-00633-REP Document 96 Filed 04/03/19 Page 14 of 14 PageID# 1645

prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

18. This Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of the parties filed with the Court.

19. Upon final conclusion of this litigation, *but excluding documents in the files of the Court, REP* each party or other individual subject to the terms hereof shall have the option to either assemble and return to the originating source all originals and unmarked copies of documents and things containing Confidential Identifying Information or Confidential or Attorneys' Eyes Only information or to destroy such materials, with confirmation made in writing to the other party; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Protective Order. To the extent a party requests the return of such material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

It is so ORDERED.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 3, 2019

14