UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOE ALEXANDER

        Plaintiff,

v.                                          Case No. 3:19-cv-00688-JAG

DIET MADISON AVENUE, *et al.*,

        Defendants.

**PROPOSED INTERVENORS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR LEAVE TO INTERVENE AND TO SEAL CONFIDENTIAL INFORMATION**

Proposed Intervenors, The Interpublic Group of Companies, Inc. ("IPG") and The Martin Agency ("Martin" and, with IPG, the "Proposed Intervenors"), submit this reply brief in further support of their motion for leave to intervene for the limited purpose of seeking the entry of an order sealing portions of the Complaint filed in this action that expose the identity of Plaintiff's accuser, and a protective order requiring that further filings also redact information that would expose the identity of any of Plaintiff's accusers who have not themselves spoken out publicly.[1]

**PRELIMINARY STATEMENT[2]**

The Proposed Intervenors do not bring this motion as part of any "crusade" against Plaintiff. They also do not bring this motion to stop Plaintiff from disparaging them—which

---

[1] Unless otherwise defined herein, defined terms retain the definitions given to them in the Proposed Intervenors' opening brief, Dk. No. 9, dated October 8, 2019 (the "Brief" or "Br.").

[2] The Proposed Intervenors will not address at length the numerous false allegations that Plaintiff makes against them. They will only say that they vehemently deny Plaintiff's claims, and believe that, should Plaintiff pursue either this action or any action against the Proposed Intervenors, the truth of his misbehavior will be laid bare.

they have the contractual right to do. The Proposed Intervenors bring this motion only for the narrow purpose of protecting the woman who spoke up against Plaintiff's harassment.

Plaintiff's inflammatory rhetoric does nothing to contradict the case law cited by the Proposed Intervenors supporting both their right to intervene for a limited purpose and to seal the offending portions of the Complaint. It also does nothing to explain why Plaintiff needs to reveal the name of the accuser and instead lays bare his actual purpose: retaliation. The Proposed Intervenors respectfully request that this motion be granted—both to protect an innocent non-party and to enforce the Proposed Intervenor's contractual rights.

## ARGUMENT

**I.    IPG and Martin Should be Permitted to Intervene**

Aside from a cursory reference to the standard for intervention as of right (*see* Dk. No. 16, dated October 17, 2019 (the "Opposition" or "Opp.") at 3-4), Plaintiff fails entirely to distinguish the cases cited by the Proposed Intervenors (s*ee* Dk. No. 9 at 7), address the Proposed Intervenors' argument with respect to permissive intervention (*see id.* at 12), or to otherwise engage with the law on intervention. He instead argues that the privacy interest[3] in this case does not outweigh the public interest in an open docket. *See* Dk. No. 16 at 4. This is an argument against sealing, not an argument against intervention.

The relevant question for the purposes of intervention is not whether the sealing is ultimately appropriate—and it is, for the reasons set forth in Section II, *infra.* Instead the initial question for this Court is whether the party should be permitted to intervene to participate in

---

[3] Plaintiff does not even address the Proposed Intervenors *contractual* rights, which are an entirely separate "significantly protectable interest" that warrants intervention. *See, e.g., Kidney Dialysis & Transplant Grp. PLLC v. Gouda*, No. 1:15 Civ. 239, 2016 WL 9131484, at *1 (N.D. W.Va. Mar. 29, 2016) (granting motion to intervene to bar plaintiff from "introducing information protected by a confidontial settlement agreement and/or placed under seal").

2

motion practice. As the Proposed Intervenors previously argued (Dk. No. 9 at 7), courts in this Circuit regularly permit interested parties to intervene for limited purposes, including to participate in motion practice related to sealing. *See, e.g., Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988) (allowing intervention for limited purpose of challenging sealing order). As Plaintiff fails to address, let alone distinguish, this case law, intervention should be permitted.

## II. This Court Should Seal Portions of the Complaint

As Plaintiff recognizes, "[a] party seeking to file a document under seal 'must make a good faith effort to redact or seal only as much as necessary to protect legitimate interest.'" Dk. No. 16 at 5 (citing Local Civil Rule 5(c)). The Proposed Intervenors have done just that. They do not seek to seal the Complaint as a whole. They do not seek to seal disparaging allegations made against them—although they would have a contractual right to do so. *See* Dk. No. 9-4 (Agreement) ¶¶ 10-11. All that the Proposed Intervenors seek by this motion is to redact the name of the Accuser in order to protect both her privacy and to prevent retaliation, as well as enforce the Proposed Intervenors' bargained-for right to confidentiality. As the Proposed Intervenors previously argued, this type of motion is regularly granted by courts in this Circuit despite the general policy of openness in court dockets (*see* Dk. No. 9 at 9-10 (citing cases)), and the result should be the same here.

Plaintiff does not respond to the case law cited by the Proposed Intervenors or otherwise present a cogent argument in opposition to sealing. He instead makes a series of misdirected arguments.

*First*, Plaintiff claims that sealing would somehow be inappropriate under the IPG Code of Conduct, or that this request otherwise contradicts the policies that underlie the Code. *See* Dk. No. 16 at 5-7. As a preliminary matter, the Code does not bar confidentiality; it instead reflects

3

IPG's policies of encouraging employees to speak up about harassment—including by doing so anonymously—and of barring retaliation against these individuals. *See* Dk. No. 9-5 (IPG Code of Conduct). In any case, the Proposed Intervenors' argument is not based on the Code. In addition to the Accuser's privacy interest, it is based on *Plaintiff's agreement to keep this information confidential*. *See* Dk. No. 9-4 (Agreement) ¶ 10 & Attachment A.

*Second,* Plaintiff argues that his clear breach of the Agreement is excused by the Proposed Intervenors' alleged breach[4] (*see* Dk. No. 16 at 8)—an allegation for which he provides no support—or that the Agreement was somehow procured by fraud because "Martin leaked the 2013 confidential settlement and/or other confidential files/reports to DMA." *See id*. This is not only false, but contradicts *Plaintiff's own Complaint*, which attributes these actions to former employees of Martin. *See* Dk. No. 1 ¶¶ 8-9, 63. It also does nothing to explain why Plaintiff signed the Agreement on December 12, 2017, *five days after* the Adweek Article was published (*id.* ¶ 62) and Martin allegedly disclosed the internal memorandum confirming that he made "people in [the] company" feel "unsafe and unheard" (*id.* ¶ 68). Of course, that is precisely what Plaintiff does again here by naming and further harassing the Accuser in the Complaint. Plaintiff was never excused from his obligations under the Agreement.[5]

---

[4] Even if Plaintiff's brazenly false allegations concerning purported statements by the Proposed Intervenors were true—and they are not—the Agreement does not place any confidentiality obligations *on the Proposed Intervenors*, but only *on Plaintiff*. *See* Dk. No. 9-4 (Agreement) ¶ 10 & Attachment A.

[5] Plaintiff also makes the entirely unsupported allegation that "[s]ignificantly, the identity of the Accuser was likely voluntarily disclosed to the Defendants by Martin and by former Martin employees…" Dk. No. 16 at 5. However, it was Plaintiff who first exposed the Accuser's name by his Complaint. The Proposed Intervenors, for their part, took a series of steps to minimize this damage both by filing the present motion and immediately secured AdAge's agreement to redact the Accuser's name from their coverage of the Complaint. *See* Dk. No. 9-1 (Affidavit of Maura J. Wogan, dated October 8, 2019) ¶ 4.

In any case, if Plaintiff felt that the Proposed Intervenors had breached the Agreement or that it otherwise was not binding on him—or that he was "permitted by law" to ignore it—the appropriate procedure would have been to file this Complaint provisionally under seal in compliance with Local Rule 5 and ask this Court to hear the issue. Plaintiff did not do so. He instead made the unilateral decision to file his Complaint publicly, exposing, for the first time, the Accuser's name and violating his unambiguous contractual obligations.[6]

*Third*, Plaintiff argues, in a conclusory fashion, that the name of the Accuser is somehow essential to his claims—or, at least, that he was permitted to disclose her name in a legal proceeding (Dk. No. 16 at 7)—as her text messages purportedly prove that he never harassed her. *See id.* at 9. In making this argument, Plaintiff never explains why he would need to file the *name* of the Accuser publicly to accomplish this goal, and the Proposed Intervenors are not asking the Court to redact the substance of the text messages. *See* Dk. No. 9-2 (Proposed Complaint). Plaintiff's failure to explain why he needs to disclose the Accuser's name lays bare his actual purpose: retaliation. Plaintiff names his accuser and makes demeaning statements about her as part of his misguided attempt to hold "accountable" the persons he believes are "responsible for destroying [his] life" (*see* Dk. No. 16 at 3) by having the courage to speak out against his behavior. The Court should not countenance Plaintiff's admitted abuse of the legal process.

---

[6] Plaintiff was not "permitted by law" to file this confidential information publicly, particularly without attempting to follow this Court's procedures for provisional sealing, as noted above. *See* Dk. No. 16 at 7. His filing was instead a breach of the Agreement. *See In re A.H. Robins Co.,* 197 B.R. 516, 518 n.1 (E.D.V.A. 1994) ("The Court recognized that [plaintiff] breached her confidentiality agreement with [defendant] by using settlement information in her pleading to this Court…").

Finally, Plaintiff argues generally about the interest in open proceedings. *See* Dk. No. 16 at 4. For the reasons noted above, neither Plaintiff nor the public has any interest in the Accuser's name. All that the inclusion of her name does is to "gratify private spite or promote public scandal" (*see Nixon*, 435 U.S. at 598 (citing *In re Caswell*, 18 R.I. 835, 836, 29 A. 259 (1893)))—something Plaintiff clearly stokes by his Complaint. *See* Dk. No. 1 ¶ 52. As the Supreme Court has specifically observed, efforts like these—and thus, the presumption of open proceedings—should "bow[] before the power of the court" to seal. *Id.*

### III. This Court Should Enter a Protective Order

Finally, Plaintiff does nothing to attempt to distinguish the cases cited by the Proposed Intervenors or explain how this case is any different than the case brought by Plaintiff's counsel against IPG just last year where an identical protective order was entered. *See* Dk. No. 9-6 (*Perrott v. The Interpublic Group of Cos.*, 3:18-cv-00737-REP, Dk. Nos. 28, 29).

As his counsel did in the *Perrott* Action, Plaintiff here argues that his Sixth Amendment right would somehow be impinged by the issuance of a protective order in this case. *See* Dk. No. 16 at 10. Not only does the Sixth Amendment not apply in a civil case (*see Malghan v. Evans*, 118 F. App'x 731, 734 (4th Cir. 2004) ("the confrontation clause is not applicable to civil cases")), but it certainly does not apply in a case where the accuser is not a party. Moreover, Plaintiff is already aware of the Accuser's identity and thus will, if appropriate to the proceedings, be able to confront her and his other numerous accusers. What actually is at stake here is Plaintiff's announced intention to further harass and retaliate against his victims by publicizing their names. This should not be allowed, and an appropriate protective order should be entered to avoid the need for further motions like this one.

**CONCLUSION**

For the reasons stated herein and in their Brief, Defendants respectfully request that the Court grant their motion: (1) permitting the Proposed Intervenors to intervene for a limited purpose; (2) sealing the Complaint and/or filing in its stead the Proposed Complaint; and (3) ordering that information that identifies Plaintiff's accusers be deemed confidential and not filed publicly.

Dated: October 21, 2019

Respectfully submitted,

THE INTERPUBLIC GROUP OF COMPANIES, INC.

and

THE MARTIN AGENCY

By Counsel

/s/ David B. Lacy
David B. Lacy (VSB #71177)
Lauren E. Fisher White (VSB #80360)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
dlacy@cblaw.com
lfwhite@cblaw.com

Maura J. Wogan*
Nicole Bergstrom*
FRANKFURT KURNIT KLEIN & SELZ, PC
28 Liberty Street
New York, New York 10005
Telephone: (212) 980-0120
Facsimile: (212) 593-9175
mwogan@fkks.com
nbergstrom@fkks.com
*admitted *pro hac vice*

*Counsel for Defendants*
*The Interpublic Group of Companies, Inc.*
*and The Martin Agency*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of October, 2019, I will electronically file a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the registered participants as identified on the NEF to receive electronic service, including:

>Steven S. Biss (VSB #32972)
>300 West Main Street, Suite 102
>Charlottesville, Virginia 22903
>Telephone: (804) 501-8272
>Facsimile: (202) 318-4098
>Email: stevenbiss@earthlink.net
>
>*Counsel for Plaintiff Joe Alexander*

>/s/ David B. Lacy
>David B. Lacy (VSB #71177)
>CHRISTIAN & BARTON, L.L.P.
>909 East Main Street, Suite 1200
>Richmond, Virginia 23219-3095
>Telephone: (804) 697-4100
>Facsimile: (804) 697-4112
>dlacy@cblaw.com