IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOE ALEXANDER,
          Plaintiff,

v.                                        Civil Action No. 3:19-cv-688

DIET MADISON AVENUE, et al.,
          Defendants.

## ORDER

This matter comes before the Court on its own initiative. On September 19, 2019, Joe Alexander filed this case against Diet Madison Avenue ("DMA"); seventeen "DMA Doe Defendants;" Adweek, LLC ("Adweek"); and Patrick Coffee. (Compl. ¶ 2.) Alexander also filed proposed summons as to Adweek and Coffee, which the Clerk issued that same day. (Dk. No. 4.) Alexander did not file proposed summons for DMA.

On December 10, 2019, Alexander filed an amended complaint against DMA, Jean Batthany, Dani Hurt, Mara Buta, Adweek, and Coffee. In the amended complaint, Alexander describes DMA as "a partnership, joint venture, 'collective,' or unincorporated association of individuals." (Am. Compl. ¶ 6.)[1] Alexander, however, did not file proposed summonses as to DMA, Batthany, Hurt, or Buta. Adweek and Coffee have moved to dismiss the case against them for lack of personal jurisdiction and for failure to state a claim.

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve each defendant "within 90 days after the complaint is filed" unless the plaintiff shows "good cause" for his failure to serve the defendants within that time period. Fed. R. Civ. P. 4(m). "The service clock starts on the date

---

[1] Alexander alleges that "DMA was formed by advertising executives and others for the sole purpose of anonymously doxxing, smearing[,] and shaming alleged sexual harassers in the advertising industry." (*Id.*)

the complaint is filed against a defendant . . . and 'is not restarted by the filing of an amended complaint.'" *Mason v. Lewis Contracting Servs., LLC*, No. 3:18cv95, 2019 WL 2395492, at *1 (W.D. Va. June 6, 2019) (quoting *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006)).

Because Alexander named DMA as a defendant in the initial complaint, Rule 4(m) required him to serve DMA by December 18, 2019. Alexander has not filed affidavits or proof of service as to DMA. Alexander also named three new individual defendants in the amended complaint, so Rule 4(m) required him to serve those defendants by March 9, 2020. Alexander has not filed affidavits or any proof of service as to Batthany, Hurt, or Buta.

Accordingly, within seven (7) days of this Order, Alexander shall file a response explaining his failure to serve DMA, Batthany, Hurt, or Buta within the 90-day time period. If Alexander fails to show good cause, the Court will dismiss this case without prejudice as to DMA, Batthany, Hurt, and Buta. *See* Fed. R. Civ. P. 4(m); E.D. Va. Loc. Civ. R. 4(A).

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 13 March 2020
Richmond, VA

/s/ 
John A. Gibney, Jr.
United States District Judge